IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| David Green, Jr., #300923-0355, | C/A No.: 6:20-2754-TMC-SVH |
| Plaintiff, | |
| vs. | |
| Greenville County Detention Center; S. Bodiford; State of South Carolina; John Doe, | ORDER AND NOTICE |
| Defendants. | |

David Green ("Plaintiff"), proceeding pro se, filed this complaint for alleged violations of his civil rights by Greenville County Detention Center ("GCDC"), S. Bodiford, State of South Carolina, and John Doe (collectively "Defndants"). Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(c) (D.S.C.), the undersigned is authorized to review such petitions for relief and submit findings and recommendations to the district judge.

I.  Factual and Procedural Background

Plaintiff alleges that Judge Verdin[1] violated his constitutional rights in prohibiting him from conducting his bond hearing pro se and for revoking his

---

[1] Although Plaintiff did not list Judge Verdin in his caption, and the Clerk of Court did not list the defendant on the docket, the undersigned notes that Plaintiff lists her as a defendant later in the compliant. [ECF No. 1 at 1–2]. Plaintiff did not provide service documents for Judge Verdin. [ECF No. 3]. The undersigned addresses potential claims against Judge Verdin in this

bond for an alleged violation of the location monitoring program. [ECF No. 1 at 6]. He further claims Judge Verdin violated his rights when she added an additional $5,000 to his bond, which he claims was not in her jurisdiction because it related to his "fugitive warrant for Maryland." *Id.* at 7.

Plaintiff also alleges the "HIP officer"[2] filed paperwork stating Plaintiff violated the HIP program, but Plaintiff claims there was no violation because he was not eligible for a GPS monitor that HIP program provides. *Id.* at 9. Plaintiff claims he submitted a grievance related to the HIP issue at the detention center, but was advised that it was not a grievable issue. *Id.*

II.     Discussion

    A.     Standard of Review

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). In evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff

---

order.
[2] Plaintiff's use of "HIP" appears to refer to the Home Incarceration Policy utilized in Greenville County, South Carolina.

could prevail, it should do so. A federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990). Although the court must liberally construe a pro se complaint, the United States Supreme Court has made it clear a plaintiff must do more than make conclusory statements to state a claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Rather, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face, and the reviewing court need only accept as true the complaint's factual allegations, not its legal conclusions. *Iqbal*, 556 U.S. at 678–79.

B.   Analysis

1.   Judicial Immunity

It is well-settled that judges have immunity from claims arising out of their judicial actions. *Mireless v. Waco*, 502 U.S. 9, 12 (1991). Judicial immunity is a protection from suit, not just from ultimate assessment of damages, and such immunity is not pierced by allegations of corruption or bad faith. *Id.* at 11; *see also Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978)

3

("A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'") (citation omitted). To the extent Plaintiff is attempting to bring claims against Judge Verdin, his claims relate to Judge Verdin's judicial actions, and she is entitled to absolute immunity.

2.  Claims Against GCDC and State of South Carolina

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Plaintiff names the GCDC and the State of South Carolina, neither of which are "persons" subject to suit under § 1983. A judicial circuit is not considered a legal entity subject to suit. *See Harden v. Green*, 27 F. App'x 173, 178 (4th Cir. 2001) (finding that the medical department of a prison is not a person pursuant to § 1983); *see also Post v. City of Fort Lauderdale*, 750 F. Supp. 1131 (S.D. Fla. 1990) (dismissing city police department as improper defendant in § 1983 action because not "person" under the statute); *Shelby v. City of Atlanta*, 578 F. Supp. 1368, 1370 (N.D. Ga. 1984) (dismissing police department as party defendant because it was merely a vehicle through which city government fulfills policing functions). Accordingly, Plaintiff's

4

claims against the GCDC and the State of South Carolina are subject to summary dismissal.

### 3. Failure to Meet Pleading Requirements for Complaint

Plaintiff has failed to meet the minimal standards for the filing of a complaint. A civil action is commenced by filing a complaint with the court. Fed. R. Civ. P. 3. Pursuant to Fed. R. Civ. P. 8(a), a pleading that states a claim for relief must contain a short and plain statement of the claim showing that the pleader is entitled to relief. Plaintiff does not provide any allegations against Bodiford or Doe. To the extent he sues Bodiford for failure to respond to his grievance, there is no constitutional right to a grievance procedure. *Adams v. Rice*, 40 F.3d 72, 74 (4th Cir. 1994).

Additionally, Bodiford is not liable for the actions of his subordinates. The doctrine of supervisory liability is generally inapplicable to § 1983 suits, such that an employer or supervisor is not liable for the acts of his employees, absent an official policy or custom that results in illegal action. *See Monell v. Department of Social Services*, 436 U.S. 658, 694 (1978). The Supreme Court explains that "[b]ecause vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676; *see Slakan v. Porter*, 737 F.2d 368, 372–74 (4th Cir. 1984) (finding officials may be held liable for the acts of their subordinates, if

5

the official is aware of a pervasive, unreasonable risk of harm from a specified source and fails to take corrective action as a result of deliberate indifference or tacit authorization).

## NOTICE CONCERNING AMENDMENT

Although Plaintiff has failed to allege sufficient facts to support a claim, he may be able to cure deficiencies in his complaint through amendment. *See Goode v. Cent. Va. Legal Aid Soc'y, Inc.*, 807 F.3d 619 (4th Cir. 2015). Plaintiff may file an amended complaint by **August 21, 2020**, along with any appropriate service documents. Plaintiff is reminded an amended complaint replaces the original complaint and should be complete in itself. *See Young v. City of Mount Ranier*, 238 F.3d 567, 572 (4th Cir. 2001) ("As a general rule, an amended pleading ordinarily supersedes the original and renders it of no legal effect.") (citation and internal quotation marks omitted). If Plaintiff files an amended complaint, the undersigned will conduct screening of the amended complaint pursuant to 28 U.S.C. § 1915A. If Plaintiff fails to file an amended complaint or fails to cure the deficiencies identified above, the undersigned will recommend to the district judge that the claims be dismissed without leave for further amendment.

IT IS SO ORDERED.

July 31, 2020  
Columbia, South Carolina

Shiva V. Hodges  
United States Magistrate Judge

6